**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 20 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IGNACIO MARTINEZ-TORRES, | No. 16-72511 |
| Petitioner, | Agency No. A088-119-950 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 18, 2017**

Before:    WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Ignacio Martinez-Torres, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We deny in part and

dismiss in part the petition for review.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Martinez-Torres does not raise, and has therefore waived, any challenge to the BIA's denial of his motion to reopen as time- and number-barred. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (failure to contest issue in opening brief resulted in waiver). To the extent Martinez-Torres contends the BIA should have exercised its sua sponte authority to reopen his case, we lack jurisdiction to consider this contention. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011); *cf. Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016).

To the extent Martinez-Torres challenges the BIA's December 13, 2011 order dismissing his appeal from an immigration judge's decision denying his application for cancellation of removal, we lack jurisdiction to consider that contention, because this petition is not timely as to that order. *See* 8 U.S.C. § 1252(b)(1); *Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003).

We lack jurisdiction to consider Martinez-Torres' request for prosecutorial discretion. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order).

We do not consider the extra-record documentation that Martinez-Torres submitted with his opening brief. *See* 8 U.S.C. § 1252(b)(4)(A)(judicial review is limited to the administrative record); *Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010) (stating standard of review for out-of-record evidence).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**